BRIGGS v. BOARDMAN.

TAXATION—SALE—REDEMPTION—CONTRACTS.

> Where, within the time allowed by Act No. 204, Pub. Acts
> 1899, for redemption from a tax deed, the holder thereof
> offered in writing to accept a certain sum for his interest if
> paid before May 25th, which offer was accepted in writing by
> the landowner's attorney, who on May 24th tendered the
> holder the amount demanded, which was refused, the trans-
> action operated to avoid the tax deed, precluding the
> issuance of a writ of assistance on the application of a
> grantee of the original holder.

Appeal from Bay; Shepard, J. Submitted November 6, 1903. (Docket No. 110.) Decided January 5, 1904.

Petition by Leland C. Briggs against Myron Boardman and others for a writ of assistance. From a decree for respondents, petitioner appeals. Affirmed.

The State of Michigan had become the owner of certain lands by virtue of sale for nonpayment of taxes. On December 21, 1901, Albert A. Griffin, the father-in-law of the petitioner, purchased this land from the State, paying $204.04, and a tax deed was issued and delivered to him. The original title to the land was in Myron Boardman and Stella Boardman, executors. Selina Bird was in possession under a land contract from the Boardmans. The premises consisted of two lots and three houses. On January 6, 1902, the statutory notice, under Act No. 204, Pub. Acts 1899, was served upon Selina Bird and Myron and Stella Boardman. July 22, 1902, Griffin conveyed his interest by appropriate deed to petitioner, who after-wards applied for a writ of assistance. Upon service of notice upon the respondents under the above statute, they referred the matter to their solicitor, Mr. Brigham. He opened negotiations with Mr. Griffin to redeem from the

sale. On April 12, 1902, Mr. Griffin wrote Mr. Brigham that he would accept $325 for the tax lien, if paid before May 25, 1902. 'Mr. Brigham replied accepting this proposition. On May 24, 1902, Mr. Brigham went to Lansing, found Mr. Griffin, and tendered him $325. 'Mr. Griffin refused to receive it, alleging that the tender was not made in time. These facts were set up in the respondents' answer. The court entered a decree requiring the respondents to pay the $325, with interest from May 24th to date of payment, within 30 days, and that, upon failure to do so, the writ of restitution issue. From this decree the petitioner appeals. He contends that the respondents have no right to appear and answer to this proceeding; that the answer is in fact an attempt to enforce the specific performance of a contract for the sale of land; that this claim cannot be litigated in this proceeding, but is enforceable only by an independent suit in equity; and that no binding contract is shown between the parties.

Albert McClatchey, for petitioner.

John Brigham (Porter & Haffey, of counsel), for respondents.

GRANT, J. (after stating the facts). Under the redemption statute above cited, the respondents' right of redemption did not expire until July 6, 1902. Under that statute, upon payment the respondents would have been entitled to a reconveyance of the land. Mr. Griffin made a proposition in writing to take $325, a sum somewhat less than that provided by the statute to redeem, provided it was paid, before May 25th, more than a month prior to the expiration of the time of redemption. This was accepted in writing by the solicitor for the respondents, and the amount tendered within the time. It is immaterial whether the contract between Griffin and the respondents be called a contract relating to the sale of lands, or one relating to the payment of a tax lien. The offer was in writing, the acceptance was in writing, and the agreed

price tendered in time.   The transaction was valid, and its effect was to avoid the tax deed. ˈThe title, was then in Mr. Griffin, and the petitioner took no greater interest in the property by the conveyance than Mr. Griffin had, and he had no interest.

Decree is affirmed, with costs.

The other Justices concurred.